IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

**ROBERT C. BERRY**                                                **PLAINTIFF**

**VS.**                             **CIVIL ACTION NO. 3:08-cv-698–WHB-LRA**

**ADVANCE STORES COMPANY, INCORPORATED,**
**d/b/a ADVANCE AUTO PARTS**                              **DEFENDANT**

### OPINION AND ORDER

This cause is before the Court on the Motion of Defendant to Dismiss. Plaintiff has not responded to the subject Motion. Pursuant to the rules governing civil procedure in the Southern District of Mississippi, the Court finds that the Motion to Dismiss should be granted as unopposed, and that certain claims should be dismissed without prejudice.

### I. Discussion

On September 24, 2008, Plaintiff Robert C. Berry ("Berry") filed a Complaint in the Circuit Court of Copiah County, Mississippi, against his former employer, Advance Stores Company, Inc., d/b/a Advance Auto Parts ("Advance Auto"). In his Complaint, Berry alleges, *inter alia*, that Advance Auto engaged in unlawful and discriminatory employment practices, including disparate treatment and retaliation. Based on these allegations, Berry alleges claims arising under Title VII of the Civil Rights Act of

1964, codified at 42 U.S.C. § 2000e, and 42 U.S.C. §§ 1981, 1983, and 1991. Berry also alleges that the purported conduct violated his right to due process as protected by the Fourteenth Amendment to the United States Constitution as well as Mississippi law. The case was removed to this Court on November 14, 2008, and as Berry has alleged claims arising under federal law, the Court finds it may properly exercise subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1331.

On November 14, 2008, Advance Auto filed a Motion to Dismiss certain claims alleged by Berry pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("FRCP"). In support of its Motion, Advance Auto argues that Berry's claims under 42 U.S.C. § 1983 and/or the Fourteenth Amendment to the United States Constitution fail for lack of state action. Advance Auto also argues that Berry's claims under Mississippi law fail because this state does not recognize claims premised on racial discrimination.

In accordance with the FRCP and with the Uniform Local Rules of the United States District Courts for the Northern and Southern Districts of Mississippi ("Local Rules"), Berry's Response to the Motion to Dismiss was due on December 3, 2008. To date, Berry's Response has not been filed. Based on Berry's failure to respond, the Court finds that the Motion of Advance Auto to Dismiss should be granted as unopposed in accordance with the Local Rules of this District. See Local Rule 7.2(C)(2) (providing: "If a party fails

2

to respond to any motion, other than a motion for summary judgment, within the time allotted, the court may grant the motion as unopposed."). The Court additionally finds that as dismissal will be predicated on Berry's failure to respond to a dispositive motion, the dismissal must be without prejudice. See Arundar v. DeKalb County Sch. Dist., 620 F.2d 493, 495 (5th Cir. 1980).

**II. Conclusion**

For the foregoing reasons:

IT IS THEREFORE ORDERED that the Motion of Defendant to Dismiss [Docket No. 3] is hereby granted as unopposed. Berry's claims arising under 42 U.S.C. § 1983, the Fourteenth Amendment to the United States Constitution, and Mississippi law are hereby dismissed without prejudice.

SO ORDERED this the 7th day of January, 2009.

s/William H. Barbour, Jr.<br>UNITED STATES DISTRICT JUDGE